UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 02-81143-CIV-JOHNSON

UNITED STATES OF AMERICA,
*ex rel.* DAVID CLAYMAN,

    Plaintiffs,

v.

FRED L. STEINBERG, *et al.*,

    Defendants.

_____/



## MOTION TO FURTHER STAY CIVIL PROCEEDINGS, OR, IN THE ALTERNATIVE, MOTION TO STAY DISCOVERY

Defendants Fred L. Steinberg, MRI Radiology Network, P.A., University MRI of Boca Raton, Inc. and West Boca Open MRI, Inc. ("Defendants" or "University MRI Defendants") request that the Court enter an order to further stay these proceedings for a period of six (6) months or until a parallel criminal investigation of Defendants is completed, whichever occurs first.  Alternatively, Defendants request a six (6) month stay of all discovery while the criminal investigation is conducted.

This action was originally filed under seal as a *qui tam* action.  For over two years, Defendants were not aware that an action had been filed. Plaintiff, David Clayman ("Clayman"), and/or the investigating authorities of the Department of Justice, engaged in extensive information and document gathering efforts, about which Defendants were not aware and in which they did not participate.

Case No. 02-81143-Civ-Johnson

Defendants first learned of the serious allegations filed against them when they received the First Amended Complaint in June of 2005. In July of 2005, Clayman and the University MRI Defendants agreed to a stay of all proceedings through December 31, 2005.

Defendants now seek to further stay this action for at least six (6) months or until the criminal investigation is completed, whichever is earlier. Such a stay would protect Defendants' rights, including the Fifth Amendment right against self-incrimination. The University MRI Defendants, as well as others related to this case, are being investigated by the United States Attorney's Office for possible criminal violations of the same statutes on which the civil claims are based. A stay of the civil proceedings for a finite time would satisfy the substantial justice to which defendants in parallel criminal and civil actions are entitled. Alternatively, if the Court determines that a stay of all proceedings is not appropriate, Defendants request a stay of all discovery to preserve any Fifth Amendment defenses and issues that may arise due to the pending parallel criminal investigation.

## I. INTRODUCTION

1.  This case was originally filed under seal as a *qui tam* action on December 20, 2002. A *qui tam* action involves allegations under the False Claims Act, whereby the "relator," who files the complaint on behalf of the United States, alleges that a defendant has defrauded the United States or one of its agencies.

2

2. *Qui tam* actions have certain statutory procedural prerequisites that require the relator to file the complaint under seal, where it remains for at least sixty (60) days while the investigating authorities of the Department of Justice (the "DOJ") investigate and decide whether to intervene and pursue the action for the United States. The DOJ will commonly request to extend the sealing period to conduct further investigation before deciding whether to intervene.

3. If the DOJ decides to intervene, the United States steps into the relator's position as the party bringing the suit. If the DOJ decides not to intervene, the case is unsealed and the relator moves forward with his claims against the defendants.

4. Here, after the case was filed, the DOJ requested several extensions of the seal period. When ordered to intervene by a date certain, on May 20, 2005, the DOJ notified the Court that it would not intervene "at this time." After investigating Clayman's (the "relator") claims for over two years, the United States represented that it would continue to do so and reserved the right to intervene "at a later date."

5. On June 1, 2005, the Court ordered a portion of the file unsealed and relator to serve process on Defendants.

Case No. 02-81143-Civ-Johnson

6. Afterward, on June 8, 2005, Clayman filed a thirty-eight (38) page First Amended Complaint against twenty-eight (28) defendants,[1] which accuses medical professionals, including Defendants, of serious misconduct and, if believed, exposes them to criminal prosecution.

7. In July, the remaining parties consented to have Magistrate Judge Linnea R. Johnson exercise jurisdiction over all civil proceedings in this case.

8. Later that month, on July 26, 2005, the Court entered an Omnibus Order that stayed all proceedings through December 31, 2005 and set a scheduling conference for January 9, 2006. That conference was subsequently re-scheduled for January 12th. The Court also permitted Clayman to file a Second Amended Complaint by January 15, 2006.

9. Clayman has not yet filed or served the Second Amended Complaint and Defendants cannot predict to what extent it will differ from the prior pleading.

10. Nevertheless, the Court should stay these civil proceedings to prevent the substantial and irreparable harm that could result from Defendants having to defend themselves in parallel civil and criminal proceedings that involve the same allegations of misconduct and violations of the same statutes, and that will necessarily involve identical proof.

---

[1] Clayman eventually decided to dismiss all defendants except for Defendants Steinberg, MRI Radiology Network, University MRI of Boca Raton, and West Boca Open MRI.

Case No. 02-81143-Civ-Johnson

11.   A stay is also appropriate where, as here, the United States Attorney is investigating the University MRI Defendants for potential criminal violations. The United States Attorney's Office is expected to complete its investigation within the next six (6) months, at the latest. Thus, Defendants are disadvantaged by having to choose between focusing their resources and efforts on the civil claims or the possible criminal charges.

12.   At the very least, this Court should stay discovery because the University MRI Defendants will be disadvantaged by having to choose between forfeiting their Fifth Amendment right against self-incrimination or suffer a negative inference if they invoke it.

13.   Pursuant to Local Rule 7.1(A)(3) of the Southern District of Florida, the undersigned sought an agreement from Clayman's counsel, who has represented that it cannot agree to a further stay.

14.   No party to this action will be prejudiced by a stay of these proceedings for six (6) months or until the United States completes its criminal investigation, whichever occurs first. On balance, however, the University MRI Defendants will suffer irreparable prejudice by having to choose between waiving their right to participate and fully defend themselves against the civil allegations and invoking their Fifth Amendment rights against self-incrimination.

15. Neither will any party to this action be prejudiced by a stay of discovery. In contrast, Defendants will suffer severe prejudice in their ability to preserve significant defenses.

16. These Motions are made in good faith and not for any purpose of undue delay.

17. In accordance with Local Rule 7.1(A), a proposed Order accompanies these Motions.

## II. MEMORANDUM OF LAW

Courts have the authority to stay civil proceedings or postpone civil discovery while a criminal investigation is pending "when the interests of justice seem to require such action." *Afro-Lecon, Inc. v. United States*, 820 F.2d 1198, 1202 (Fed. Cir. 1987) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)). Where, as here, the civil proceeding, if not deferred, may potentially undermine Defendants' constitutional privilege against self-incrimination, expand criminal discovery beyond that prescribed by the Federal Rules of Criminal Procedure, and prematurely expose to the prosecutor the bases of defenses, as well as producing other prejudicial effects, the civil action should be stayed. At the very least, civil discovery should be stayed to protect Defendants from suffering substantial and irreparable prejudice. *Id.* (citation omitted).

Case No. 02-81143-Civ-Johnson

## A. *A Stay of the Proceedings or Discovery Is Warranted*

To serve the substantial interests of promoting justice, civil proceedings should be stayed pending the outcome of criminal proceedings even though an indictment has not yet been returned. *Brock v. Tolkow*, 109 F.R.D. 116, 119 n.2 (E.D.N.Y. 1985). A stay is warranted where, as here, it is possible that the defendant being criminally investigated will suffer prejudice and be deprived of substantial constitutional rights. *Securities & Exchange Comm'n v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981) (citations omitted). These constitutional rights include Defendants' Fifth Amendment privilege against self-incrimination and the prejudice that could result from expanding the scope of criminal discovery by allowing the United States access to evidence obtained by more liberal civil discovery rules. *Securities & Exchange Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980).

A stay of civil proceedings pending the outcome of a criminal investigation protects not only a litigant's Fifth Amendment rights but also the integrity of the two separate processes. *Afro-Lecon, Inc.*, 820 F.2d at 1204 (citation omitted). "The 'freeze' . . . is not for the protection of the [defendant] only, but also arises out of a sense that deferrable civil proceedings constitute improper interference with the criminal proceedings if they churn over the same evidentiary material." *Id.* (quoting source omitted).

Case No. 02-81143-Civ-Johnson

Even though a civil case is not stayed in its entirety pending the outcome of a criminal investigation, discovery does not need to proceed as in ordinary civil litigation. *Gordon v. Federal Deposit Ins. Corp.*, 427 F.2d 578, 580 (D.C. Cir. 1970). "The court must not only be concerned with the general consideration of whether the real purpose of the civil discovery is to obtain information that is unavailable directly in a criminal proceeding, but [also] with the further question whether to permit any discovery of the type that requires the criminal defendant to testify, for this obviously involves aspects of the privilege against self-incrimination." *Id.* (citations omitted).

To determine a stay's propriety, courts balance the interests of the parties to the parallel civil and criminal proceedings and of the public. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). Balancing factors considered are: (1) the commonality of the issues involved in the civil and criminal proceedings; (2) the timing of the motion to stay; (3) whether a stay will promote judicial efficiency; and (4) the effect of a stay on public interests. Pollack, *Parallel Civil & Criminal Proceedings*, 129 F.R.D. 201, 203 (1990). These factors heavily favor granting Defendants' motion for a brief stay of these civil proceedings.

### 1. The Issues in the Qui Tam Civil Action Are Identical to Those Involved in the Criminal Investigation.

The commonality of issues between the civil and criminal proceedings is "the most important factor" to consider. *Pollack*, 129 F.R.D. at 201; *see also Dresser*

Case No. 02-81143-Civ-Johnson

*Indus.*, 628 F.2d at 1375-76 ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same matter."). Here, without dispute, the issues in the parallel proceedings are the same—the civil action and the criminal investigation involve alleged violations of the same federal statutes prohibiting fraud in the Medicare claims process. *In re Par Pharmaceuticals*, 133 F.R.D. 12, 13-14 (S.D.N.Y. 1990) (holding that a stay may be "appropriate where both the civil and criminal charges arise from the same remedial statute such that the criminal investigation is likely to vindicate the same public interest as would the civil suit").

Moreover, defensive proof against the alleged civil violations will be identical to the proof necessary to defend against the alleged criminal violations. *Afro-Lecon*, 820 F.2d at 1204 ("deferrable civil proceedings constitute an improper interference with the criminal proceedings if they churn the same evidentiary material") (quoting source omitted). Thus, for example, Defendant Fred L. Steinberg will likely have to make significant discovery choices, such as whether to invoke his Fifth Amendment privilege in the civil proceedings thereby risking an adverse inference regarding those issues, or waiving the privilege thereby allowing self-incriminating testimony to be used against Defendants in possible criminal proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (holding that a court in a civil proceeding may draw adverse inference from a defendant's refusal to testify after invoking the Fifth Amendment); *Kordel*, 397 U.S. at 9 (holding that

9

Case No. 02-81143-Civ-Johnson

failure to invoke the privilege waives it and allows the evidence in the civil case to be used in the criminal prosecution); *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) ("The court may deny a stay so long as the privilege's invocation does not compel an adverse judgment against the claimant."); *Securities & Exchange Comm'n v. Oakford Corp.*, 181 F.R.D. 269, 270 (S.D.N.Y. 1998) (finding that "the effect of such parallel proceedings is to place the defendant in the jaws of a pincer").

At this time, while a federal criminal investigation remains pending, Defendants cannot make an informed decision whether their Fifth Amendment rights will be implicated. Even if information sought in this case does not relate directly to criminal activity, however, Defendants may invoke the Fifth Amendment if the information may "furnish a link in the chain of evidence needed to prosecute [Defendants] for a federal crime." *Hoffman v. United States*, 341 U.S. 479, 486 (1951) (citation omitted). A defendant's right to remain silent cannot be conditioned on the imposition of sanctions or economic loss. *Lefkowitz v. Turley*, 414 U.S. 70, 83-84 (1973) (holding that disqualifying architects from public contracting because they invoked the Fifth Amendment violates the constitution); *Garrity v. New Jersey*, 385 U.S. 493, 496-98 (1967) (holding that forcing police officers to choose between asserting the Fifth Amendment or being removed from office "is the antithesis of free choice to speak out or to remain silent"); *Securities & Exchange Comm'n v. Rehtorik*, 755 F. Supp. 1018, 1019 (S.D. Fla. 1990) ("To compel [a defendant under

Case No. 02-81143-Civ-Johnson

criminal investigation] to 'speak' in this civil proceeding by ordering an accounting of alleged illicit funds would directly impinge [the defendant's] right against self-incrimination.") (citations omitted). A stay would solve this conundrum.

In addition, compared with the highly restrictive federal rules governing criminal discovery, the scope of civil discovery is extremely broad. *Afro-Lecon*, 820 F.2d at 1203 (citations omitted). Indeed, in its Notice that it was not intervening "at this time," the United States "reserve[d] [the] right to order any deposition transcripts taken in the civil action." The United States, which will not be entitled to take depositions under the criminal rules of procedure, should not be allowed to circumvent those established rules of procedure by obtaining access to civil discovery that may assist its criminal investigation. A stay would prevent this circumvention.

### 2. The Timing of the Motion Favors a Stay.

The risk of forfeiting Defendant's Fifth Amendment privilege at this stage of the criminal investigation also weighs in favor of this factor for granting a stay. *See Wehling v. Columbia Broadcasting Sys.*, 608 F.2d 1084, 1089 (5th Cir. 1979). Here, any harm that might be caused by delay is tempered by the understanding that the criminal investigation will hopefully conclude, at the latest, within six (6) months. Thus, a stay for this finite period of time will preserve Defendants' constitutional rights and privileges as well as the integrity of the justice system.

### 3. A Stay of Discovery Will Promote Judicial Efficiency.

Because the issues and evidentiary material involved in the civil and criminal proceedings are identical, the outcome of the criminal issues may be dispositive of or at least streamline discovery and trial in the civil case. *See Brock*, 109 F.R.D. at 120 ("the resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues") (citation omitted). Where, as here, the proceedings involve a substantial identity of issues so that "resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case," a stay promotes judicial efficiency and conserves resources. Pollack, 129 F.R.D. at 204 (citing *United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 (3d Cir. 1976)). In other words, a stay of this action, and a resolution in the criminal case, may make this case unnecessary. At the very least, it may "moot, clarify or otherwise affect" the claims or defenses of one or more of the University MRI Defendants.

### 4. Public Interest Factors Favor a Discovery Stay.

A stay of civil proceedings is proper where, as here, any alleged misconduct occurred in the past and does not pose a continuing threat to the public. *Compare Kordel*, 397 U.S. at 11 (finding protection of the public from misbranded drugs was compelling interest negating a stay); *Dresser Indust.*, 628 F.2d at 1377 (finding that disseminating false and misleading information that adversely affects the investing markets and public negates a stay) *with Brock*, 109 F.R.D. at 120 (while recognizing

Case No. 02-81143-Civ-Johnson

that "the allegations are indeed serious," "mismanagement of a pension fund simply does not present the same danger to the public interest . . . [or] indicat[e] that the plan beneficiaries are suffering or will suffer any irreparable injury. . . .).

As in *Brock*, there is no allegation or inference that the public-at-large is suffering or will suffer irreparable injury. Rather, through his civil action, Clayman is seeking monetary damages and restitution. "[T]he need for civil relief, which involves merely the collection of money," does not outweigh the public's shared interest in ensuring the integrity of the justice system and the constitutional rights of all citizens, including Defendants. *See Hoffman*, 341 U.S. at 490 ("The immediate and potential evils of compulsory self-disclosure transcend any difficulties that the exercise of the [Fifth Amendment] privilege may impose on society in the detection and prosecution of crime.") (quoting source omitted); *Brock*, 109 F.R.D. at 120 (citing *Gordon v. Federal Deposit Ins. Co.*, 427 F.2d 578, 580 (D.C. Cir. 1970)). Here, the public interest is not implicated because a stay while the criminal investigation is pending will not present any tangible threat or immediate and serious harm to the public at large. Indeed, the public's interests are being protected and may be enforced through the criminal investigation, which is expected to be completed within six (6) months. *See Brock*, 109 F.R.D. at 121. Consequently, a stay will serve, rather than disserve, important public interests.

Case No. 02-81143-Civ-Johnson

## III. CONCLUSION

Balancing the interests in this case, this Court should stay these proceedings, or at least stay all discovery, for no less than six (6) months. Despite any professed inconvenience or delay to Clayman, protecting constitutional rights against self-incrimination is the more important consideration.

In the interests of justice, the Court has the power to enter all orders necessary to protect a civil litigant who is threatened by criminal prosecution. In the absence of public harm or prejudice to a party, these safeguards should amply protect not only the parties immediately before the Court but also the justice system as a whole.

Accordingly, Defendants Fred L. Steinberg, MRI Radiology Network, P.A., University MRI of Boca Raton, Inc. and West Boca Open MRI, Inc. respectfully request the Court to enter an order to stay these proceedings for at least six (6) months, or until the United States completes its criminal investigation, whichever occurs earlier, or alternatively, to stay all civil discovery for the same period of time.

HOLLAND & KNIGHT LLP
*Attorneys for Defendants*
701 Brickell Avenue
Suite 3000
Miami, Florida 33131
(305) 374-8500/(305) 789-7799 (fax)

By: _____
Peter Prieto, FBN 501492
Barbara M. Arco, FBN 0159182

Case No. 02-81143-Civ-Johnson

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served by fax and mail this 4th day of January, 2006 upon:

Peter W. Chatfield, Esq.
Phillips and Cohen LLP
2000 Massachusetts Avenue, NW
Washington, DC 20036
*Counsel for Plaintiff*

Christopher Casper, Esq.
James, Hoyer, Newcomer & Smiljanich, P.A.
One Urban Centre, Suite 550
4830 W. Kennedy Blvd.
Tampa, Florida 33609
*Counsel for Plaintiff*

# 3447778_v1